**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTINE V. DOWDING, on behalf of Plaintiff and a Class, | Case No. 20-CV-4118 |
| Plaintiff, | |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## NOTICE OF REMOVAL

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Nationwide Mutual Insurance Company ("Defendant") hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where it is currently pending as Case No. 2020CH04477, to the United States District Court for the Northern District of Illinois. Removal is proper pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted therein pursuant to CAFA, 28 U.S.C. § 1332(d).

**I.    Background and Basis for Removal.**

1.     On June 8, 2020, Plaintiff Christine V. Dowding ("Plaintiff") filed a complaint against Defendant in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2020CH04477 (the "State Court Action"). Plaintiff filed the complaint as a putative class action.

2. On June 15, 2020, Defendant was served with a copy of the Summons and Complaint in the State Court Action, in addition to Plaintiff's Motion for Class Certification.

3. This removal is timely pursuant to 28 U.S.C. § 1446(b) because Defendant filed this Notice within 30 days of Defendant's receipt of a copy of the Summons and Complaint in the State Court Action.

4. The State Court Action was filed in the Circuit Court of Cook County, Illinois. The Northern District of Illinois embraces federal actions brought in Cook County, Illinois. Therefore, this Court is in the judicial district and division embracing the place where the State Court Action was brought and is pending. Thus, this Court is the proper district court to which this case should be removed. 28 U.S.C. §§ 1441(a) and 1446(a).

5. Exhibit A includes all process papers and pleadings served on Defendant in the State Court Action as of the date of this filing.

6. 28 U.S.C. §§ 1332(d)(2) and (d)(5) provide that a district court shall have original jurisdiction of a class action with 100 or more putative class members in which the matter in controversy, in the aggregate, exceeds the sum or value of $5,000,000. Section 1332(d)(2) further requires that any member of the putative class must be a citizen of a state different from any defendant. As discussed below, these requirements are satisfied here.

7. Defendant expressly reserves all of its rights, including but not limited to, its right to file motions to compel arbitration and motions challenging the pleadings. Defendant also intends to oppose class certification and believes that class treatment is inappropriate under these circumstances, in part because of material differences between the named Plaintiff and the putative class members that Plaintiff seeks to represent. Defendant expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the State Court Action.

However, for purposes of meeting the jurisdictional requirements for removal *only,* Defendant submits on a good-faith basis that the allegations in Plaintiff's complaint identify a putative class of more than 100 members, meet the minimum diversity requirement, and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B), and (d)(6).

## II. Removal is Proper Because the Proposed Class Consists of More than 100 Members.

8. Removal under CAFA requires that Plaintiff's proposed class consist of 100 or more members. 28 U.S.C. § 1332(d)(2)

9. As evidenced by the "Class Action" designation on the State Court Action Civil Cover Sheet completed by Plaintiff's counsel, this action is a "Class Action" pursuant to 28 U.S.C. § 1332(d)(1)(B).

10. Plaintiff alleges that "On information and belief, there are hundreds of class members, and the class is so numerous that joinder of all members is not practicable." (Complaint, ¶ 31). Thus, Plaintiff admits that her putative class exceeds 100 members.

11. Plaintiff's allegation of class size satisfies the requirement of 100 or more class members under CAFA. *See* § 1332(d)(5)(B).

## III. Removal is Proper Because Defendant and Plaintiff are Not Citizens of the Same State.

12. Minimal diversity of citizenship is established pursuant to CAFA where any member of the purported class is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

13. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). "Domicile consists of two elements - (1) a physical presence in a state, and (2) an intent to remain there." *Walsh Constr. Co.*

*v. Chi. Explosive Servs., LLC*, No. 2:14-CV-084, 2017 U.S. Dist. LEXIS 156186, at *13 (N.D. Ind. Sep. 25, 2017).

14. Plaintiff is a resident of New Lenox, Illinois. (Complaint, ¶ 2). Therefore, in light of the fact that there are no conflicting allegations or evidence regarding Plaintiff's citizenship, Plaintiff is domiciled in Illinois. *See id.* (stating "the court must evaluate the totality of the circumstances surrounding the jurisdictional issue.")

15. A corporation is deemed a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

16. Defendant's principal place of business is in Columbus, Ohio. (Complaint, ¶ 3). Defendant is incorporated in Ohio as well. (*See* Exhibit B, Articles of Incorporation for "Farm Bureau," Defendant's predecessor in name).

17. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Ohio, minimum diversity of citizenship is established pursuant to CAFA.

**IV.   Removal is Proper Because the Amount in Controversy Exceeds $5 Million.**

18. Under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 USCS § 1332(d)(6). When removal is challenged by a plaintiff, Courts in the Seventh Circuit will determine if the amount in controversy exceeds $5 million based on a preponderance of the evidence. *Roppo v. Travelers Commer. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

19. "[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they are given the plaintiff's actual demands." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis in original). Further,

4

"[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties." *Roppo*, 869 F.3d 579 (emphasis in original).

20. Here, Plaintiff prayed for the following relief: A declaration that Nationwide's refusal to process claims in unlawful; actual damages; an order requiring Nationwide to adjust all virus claims; "*An amount equal to the greater of* (1) 60% the amount which the trier of fact finds that Plaintiff and the class members are entitled to recover under the Policies, exclusive of costs; and (2) $60,000 per Plaintiff and class member[,]" pursuant to 215 ILCS 5/155; attorneys' fees; a declaration that Nationwide's standard form policies cover business interruption damages due to the Closure Orders (sic); and punitive damages. (Complaint, ¶¶ 41, 46, 50) (emphasis added).

21. Although Defendant denies that Plaintiff's claims have any merit or that Plaintiff has suffered any harm or damages, for purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiff were to prevail on every single claim and allegation in the Complaint on behalf of the putative class, the requested monetary recovery by Plaintiff would exceed $5 million.

22. In the State Court Action, Plaintiff alleges that "Nationwide's conduct was vexatious and unreasonable[,]" and "Nationwide's conduct constitutes 'improper claims practices' under 215 ILCS 5/154.6." (Complaint, ¶¶ 45-46).

23. Under 215 ILCS 5/155, if Plaintiff proves that Defendant unreasonably delayed settling Plaintiff's claim, and the delay was vexatious and unreasonable, the court may allow recovery of an amount not to exceed any one of the following three amounts: (1) 60% of the amount which the court or jury finds such party is entitled to recover against Defendant, exclusive of all costs, (2) $60,000, (3) the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which Defendant offered to pay in

settlement of the claim prior to the action. 215 ILCS 5/155. Therefore, the maximum recovery under 215 ILCS 5/155 is $60,000.

24. Here, Plaintiff prays for the *greatest amount* recoverable under 215 ILCS 5/155, whether that be (1) 60% of the amount which the court or jury finds such party is entitled to recover against Defendant, exclusive of all costs, or (2) $60,000. *See* Complaint ¶ 46. Therefore, the amount in controversy for each purported class member is each class member's actual damages plus $60,000, in addition to any recovery for punitive damages, attorneys' fees, and declaratory relief.

25. Based on the allegations pursuant to 215 ILCS 5/155 alone, in order to meet the $5 million aggregate amount, the purported class would need to consist of only 84 members (each recovering only the statutory award of $60,000). Plaintiff alleges that the class consists of "hundreds" of members. (Complaint, ¶ 31). Accordingly, the amount in controversy exceeds $5 million, even if there are only 100 members.

26. Therefore, based on Plaintiff's prayer for $60,000 in statutory damages for each class member, of which there are "hundreds," the amount in controversy exceeds the requisite $5 million.

27. Because Plaintiff's allegations place more than the requisite $5 million in controversy, the jurisdictional amount in controversy requirement is met and removal to this Court is proper under CAFA.

**V. Removal is Proper Because this Court has Subject Matter Jurisdiction under 28 U.S.C. § 1332(d).**

Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a. This is a civil action which is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B);

b. The action involves a putative class of at least 100 persons as required by 28 U.S.C. § 1332(d)(5)(B);

c. At least one member of the putative class action is a citizen of a state different from Defendant as required by 28 U.S.C. § 1332(d)(2)(A); and

d. The amount in controversy exceeds $5 million, exclusive of interests and costs, as required by 28 U.S.C. § 1332(d)(2).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

WHEREFORE, Defendant prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County of Illinois, shall effect removal of said suit to this Court.

Dated: July 13, 2020            Respectfully Submitted,

s/ *Jonathan M. Cyrluk*
Jonathan M. Cyrluk (ARDC #6210250)
Steven C. Moeller (ARDC #6290263)
Carpenter Lipps & Leland LLP
180 N. LaSalle Street, Suite 2105
Chicago, IL 60601
Direct: (312) 777-4820
Fax: (312) 777-4839
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

Michael H. Carpenter (*pro hac vice* forthcoming)
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com

7

Aneca E. Lasley (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)
Aneca.Lasley@squirepb.com

Petrina A. McDaniel (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree St NE, Suite 1700
Atlanta, Georgia 30309
Phone: 678-272-3207
Petrina.McDaniel@squirepb.com

*Attorneys for Defendant Nationwide Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2020, a true and correct copy of the foregoing was served by electronic mail and by United States mail, postage prepaid, properly addressed to:

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Dulijaza (Julie) Clark
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
Fax: (312) 419-0379
courtecl@cdcombs.com

Patrick Wartan
TAFT, STETTINIUS & HOLLISTER, LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
Fax: (312) 966-8589
pwartan@taftlaw.com

William C. Wagner
TAFT, STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
(317) 713-3500
Fax: (317) 715-4537
wwagner@taftlaw.com

*Attorneys for Plaintiff Christine V. Dowding*

        *s/ Jonathan M. Cyrluk*
        Jonathan M. Cyrluk
        *Attorney for Defendant Nationwide Mutual Insurance Company*