**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTINE V. DOWDING, on behalf of Plaintiff and a Class, | 20-CV-4118 |
| Plaintiff, | Hon. Virginia M. Kendall |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant Nationwide Mutual Insurance Company's ("Nationwide") third-party administrator, Aon Affinity, closed Plaintiff's claim when Carnival Cruise Lines ("Carnival") cancelled Plaintiff's cruise, *refunded* her cruise purchase price, and *refunded* Plaintiff's premium due to COVID-19. This is why Plaintiff alleges Nationwide "closed" rather than "denied" her claim. *See* Complaint ¶ 18. In fact, as Plaintiff admits in her Complaint, she has been refunded *all* of her trip expenses except that her airline gave her flight vouchers instead of a monetary refund. Despite these facts, Plaintiff attempts to bring an Illinois class action for breach of insurance contract, bad faith claims practices, and a claim under the Illinois Consumer Fraud Act.[1] These claims lack merit and should be dismissed.

---
[1] Nationwide contemporaneously files, and hereby incorporates, Nationwide's Motion to Strike Plaintiff's Class Allegations. [ECF No. 13-14].

As demonstrated below, the Court should dismiss the Complaint for three reasons: (1) no fraud occurred; (2) nothing about the claims process was "vexatious and unreasonable"; and (3) Plaintiff has not alleged what contractual provision Nationwide supposedly breached. Plaintiff's cruise was simply cancelled and refunded—and her related travel insurance premium refunded and the claim closed—because of the global COVID-19 pandemic. Critically, Plaintiff does not allege a breach of a specific contractual provision giving rise to a breach of contract, or that Nationwide breached a particular provision of the policy. In fact, Plaintiff alleges that Nationwide's third-party administrator *closed* her claim, but she does not allege that Nationwide "denied" her claim. These alleged facts cannot support an action for breach of contract or bad faith under Illinois law.

Added to these fatal defects underpinning Plaintiff's contract and bad faith claims, even a liberal reading of Plaintiff's allegations fail to state a claim for fraud against Nationwide. Plaintiff does not plead the allegations with the requisite specificity and particularity, nor does Plaintiff allege any actionable misconduct by Nationwide. Plaintiff has not alleged a single statement that she claims was false or fraudulent, or that the alleged fraud proximately caused her injury, rendering her claim under the Illinois Consumer Fraud Act ("ICFA") unsupportable. Further, Illinois courts have uniformly held that the ICFA was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy.

Thus, as explained below, the Complaint fails to state a claim upon which relief can be granted, and should be dismissed.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff filed her Complaint on June 8, 2020 against Nationwide asserting claims under three causes of action: (1) breach of insurance contract, (2) bad faith claims practice, and (3) the Illinois Consumer Fraud Act. Plaintiff alleges that she purchased travel insurance underwritten by

Nationwide for a cruise scheduled for departure on March 30, 2020. (Compl. ¶¶ 5, 8, 10). Plaintiff further asserts that she became ill with bronchitis before the cruise, causing her to cancel her cruise and submit a claim under the travel insurance policy for (a) the cost of the cruise, and (b) the cost of airfare, which Plaintiff contends she purchased on her own at a cost of $1,321.00. (Compl. ¶¶ 13, 15.)

Plaintiff alleges that her travel supplier, Carnival, cancelled the cruise due to COVID-19. (Compl. ¶ 17.) Plaintiff further alleges that Carnival refunded the price of the cruise and the insurance premium. (Compl. ¶¶ 19, 24.) In addition, Plaintiff admits that Frontier Airlines, her airline operator for the cruise, provided airline credits to be used within 90 days of issuance. (Compl. ¶ 25.) Plaintiff does not identify any other expenses. She also fails to identify any policy provisions entitling her to any reimbursement beyond what she already received.

Plaintiff asserts that on April 6, 2020, Nationwide, through its third-party administrator Aon Affinity, closed Plaintiff's claim for travel insurance coverage. (Compl. ¶ 18.) Plaintiff alleges that Nationwide and its agents made no effort to evaluate Plaintiff's claim, and that no grounds exist for Nationwide failing to honor the travel insurance policy. (Compl. ¶¶ 20-21.)

Plaintiff seeks to represent one putative class consisting of:

> (a) all persons with Illinois addresses (b) who made claims with Nationwide on policies of travel insurance, (c) which claims were denied without consideration of their merits (d) on or after March 1, 2020.

(Compl. ¶ 29.)

The Complaint, however, is devoid of any false or fraudulent statements or representations by Nationwide, and fails to state any contract provisions that Nationwide has breached in the handling of Plaintiff's claim. For these reasons, as discussed in detail below, the Complaint fails to state a claim upon which relief can be granted, and therefore must be dismissed.

**III.     ARGUMENT**

   **A.     Legal Standard.**

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, Plaintiff must allege facts that, if accepted as true, are sufficient to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). That standard is met only by factual allegations that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* (citation omitted).

Further, for her fraud under ICFA claim, Plaintiff must meet an even higher pleading standard. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (explaining that the sufficiency of a claim alleging fraud under ICFA is analyzed under the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In the Seventh Circuit, to plead with particularity generally means that a plaintiff must plead "the who, what, when, where, and how of the fraud." *See, e.g.*, *Camasta*, 761 F.3d at 737 (citation omitted).

   **B.     Plaintiff's ICFA Claim Fails to Meet the Heightened Pleading Requirements of Rule 9(b).**

Plaintiff fails to plead facts sufficient to establish the requisite elements of an ICFA claim. To maintain an ICFA claim, a plaintiff must establish with particularity that "(1) the defendant undertook a deceptive act or practice; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of trade and commerce; (4) actual damage to

4

the plaintiff occurred; and (5) the damage complained of was proximately caused by the deception." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) (citations omitted). An ICFA claim "must be pled with the same specificity as that required under common law fraud." *Id.* (citation omitted). Although reliance is not required under ICFA, a plaintiff must prove that the alleged fraud proximately caused the injury. *Id.*

Here, at most, Plaintiff alleges that her travel insurance claim was "closed" by a third-party administrator, Aon Affinity, and that she did not receive reimbursement for her airfare. Plaintiff admits the reasoning behind the closure of the claim: the entire cruise was cancelled because of the COVID-19 global pandemic. (Compl. ¶¶ 17-18.) Plaintiff does not—and cannot—plead that Nationwide made any statements that were false or that any specific language in the policy purportedly violates the statute. (*See generally* Compl., Count III.) The Complaint contains no allegations whatsoever regarding the what, when, or how Nationwide allegedly "engaged in unfair and deceptive acts and practices." (Compl. ¶ 48.) Plaintiff has therefore failed to allege that her claimed injury was somehow proximately caused by a "fraud" or fraudulent statement, rather than the closing of her claim after Carnival cancelled the cruise and refunded her the cost of her cruise and her premium. *See Davis,* 396 F.3d at 883 (holding that an ICFA claim requires an injury proximately caused by fraud).

Further, even if Plaintiff pled a valid breach of contract claim—which Nationwide disputes as explained below—a breach of contract claim does not constitute fraudulent conduct giving rise to an ICFA claim. That is because "[a] breach of a contractual promise, without more, is not actionable under [ICFA]." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 169, 296 Ill. Dec. 448, 491, 835 N.E.2d 801, 844 (2005) (citations omitted). At the very most, Plaintiff claims that one aspect of her insurance claim, airfare, was left unfulfilled after Carnival cancelled her

cruise and refunded both the cost of the cruise and her insurance premium. Such allegations fail to give rise to an ICFA claim. As the Illinois Supreme Court has explained:

> What plaintiff calls 'consumer fraud' or 'deception' is simply defendants' failure to fulfill their contractual obligations. Were our courts to accept plaintiff's assertion that promises that go unfulfilled are actionable under the Consumer Fraud Act, consumer plaintiffs could convert any suit for breach of contract into a consumer fraud action. However, it is settled that the Consumer Fraud Act, was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. *We believe that a 'deceptive act or practice' involves more than the mere fact that a defendant promised something and then failed to do it.* That type of 'misrepresentation' occurs every time a defendant breaches a contract.

*Id.* (emphasis added) (citations omitted); *Astor Prof'l Search, LLC v. Megapath Corp.*, 12-cv-02313, 2013 WL 1283810, *14-15 (N.D. Ill. Mar. 27, 2013) (dismissing ICFA claim because a "review of the complaint demonstrates that the breach of contract claim and the ICFA claim are based on largely the same factual allegations. . . . [t]hus [the ICFA claim] appears to be merely a breach of contract claim clothed as a violation of [ICFA].") (citations and internal quotation omitted).

Plaintiff, at most, alleges that Nationwide did not fulfill a contractual promise during what may end up being the most severe global pandemic since the Spanish Flu pandemic of 1918. She does not allege that her perceived injury, *i.e.*, failure to pay the airfare portion of her insurance claim, was the result of any fraud or fraudulent statement. Her ICFA claim therefore fails to satisfy ordinary pleading requirements, much less the heightened requirements of Rule 9(b), and should be dismissed as a matter of law.

### C. Plaintiff Fails to Plead a Bad Faith Claim.

The Court should also dismiss Plaintiff's remaining claim for improper/bad faith claims handling under 215 ILCS 5/155 because Plaintiff's legal conclusions masked as allegations do not

provide adequate support to make a plausible claim for bad faith. An insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000).

This Court must strictly construe Section 155 of the Illinois Insurance Code because it is penal in nature and in derogation of the common law. *Id.*; *Morris v. Auto-Owners Ins. Co.*, 239 Ill. App. 3d 500, 509 (4th Dist. 1993). Accordingly, courts routinely grant motions to dismiss claims under it. *See, e.g., Uhlich Children's Adv. Network v. Nat'l Union Fire Ins. Co.*, 929 N.E.2d 531, 543-44 (Ill. App. Ct. 2010) (affirming the dismissal of a section 155 bad faith claim on a motion to dismiss); *Am. Alliance Ins. Co. v. 1212 Restaurant Grp., LLC*, 794 N.E.2d 892, 901-02 (Ill. App. Ct. 2003) (affirming entry of judgment on the pleadings in favor of insurance carrier on claim for bad faith under section 155); *see also Flynn v. Nationwide Ins. Co. of Am.,* No. 3:13-2993, 2014 U.S. Dist. LEXIS 91431, at *9-10 (M.D. Pa. July 7, 2014) (dismissing plaintiff's complaint for bad faith claims where plaintiff's "allegations are purely conclusory legal statements, and are not factual allegations sufficient to make out plaintiff's claim for bad faith").

In *Flynn*, plaintiff pled fifteen acts allegedly constituting bad faith, including failing to objectively and fairly evaluate plaintiffs' claim, failing to adopt and implement reasonable standards in evaluating plaintiffs' claim, failing to promptly offer reasonabl[e] payments to the plaintiffs, and failing to make an honest, intelligent, and objective settlement offer." *Id*. at *8-9. The Court found that plaintiff's legal conclusions did not provide adequate support to state a plausible claim for bad faith and dismissed the claim because "plaintiffs [did] little more than state

that they have a contract dispute, and assert that because the dispute has not yet ended in a manner favorable to them, that defendant has engaged in bad faith behavior." *Id*. at *10. Here, Plaintiff relies upon the same legal conclusions as the plaintiff in *Flynn* because, instead of providing any detail or factual basis in the Complaint, Plaintiff merely states, "Nationwide's conduct was vexatious and unreasonable." (Compl. ¶ 45.) This conclusory allegation, without any trace of factual allegations or basis, is insufficient to state a claim under Section 155.

Moreover, because the statute prohibits the refusal "to pay claims without conducting a reasonable investigation based on all available information," 215 ILCS 5/154.6(h), it does not therefore follow that every denial of a claim is a violation of the law. Indeed, merely denying a claim that should have been paid does not give rise to liability under Section 155 at all. *See Buais v. Safeway Insurance Co.*, 275 Ill. App. 3d 587, 591 (1995) ("An insurer does not violate the statute merely by insisting on a trial it loses."); *State Farm Fire & Cas. Co. v. Hutchins*, 2015 IL App (3d) 140028-U, ¶ 21 ("An insurer does not violate section 155 merely because it litigated and lost the issue of insurance coverage."). Further, Section 155 does not provide liability where a bona fide dispute as to coverage exists, even if the insured ultimately establishes coverage. *See Young v. Allstate Ins. Co.*, 351 Ill. App. 3d 151, 171-72 (2004).

Based on the four corners of the Complaint, Plaintiff alleges that a genuine dispute as to coverage exists, such that Section 155 cannot apply as a matter of law. (*See generally* Compl.); *Hutchins,* at ¶ 21 ("[S]ection 155 does not create a duty to settle; a delay in settling a claim does not violate the Code if the delay is caused by a *bona fide*, or genuine, dispute." (emphasis in original)). Plaintiff alleges that Carnival cancelled the cruise and refunded both the cost of the cruise and the insurance premium. (Compl. ¶¶ 17, 19.) Further, Plaintiff alleges that Nationwide did not *deny* the claim, but that it was closed as a result of the cruise's cancellation. (Compl.

8

¶ 18.) Accordingly, because Plaintiff pleads that a legitimate dispute as to coverage exists, her Section 155 claim fails as a matter of law. *See Young,* 351 Ill. App. 3d at 171-72.

### D. Plaintiff's Breach of Contract Claim Fails.

To state a claim for breach of contract under Illinois law, a plaintiff "must allege four elements: '(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.*, 814 N.E.2d 960, 967, 351 Ill. App. 752, 286 Ill. Dec. 734 (Ill. App. Ct. 2004)). "Without alleging a contract provision that was breached, the claim is merely possible, not plausible." *Burke v. 401 N. Wabash Venture, LLC*, No. 08 C 5330, 2010 U.S. Dist. LEXIS 57413, at *6 (N.D. Ill. June 9, 2010). Here, Plaintiff has failed to allege a breach of a specific contractual provision giving rise to a breach of contract, and as a result, the Court should dismiss this Count against Nationwide.

This Court's decision in *US Dealer License, LLC v. US Dealer Licensing LLC,* is instructive on this point. No. 19 C 3471, 2019 U.S. Dist. LEXIS 219754 (N.D. Ill. Dec. 23, 2019). In *US Dealer License*, this Court held that plaintiff must place defendant on "fair notice of the contractual duty it beached." *Id*. Because the plaintiff in *US Dealer License* failed to "identify any contractual duty arising from the promissory note that Dandino breached," this Court dismissed plaintiff's complaint. *Id.* at *11-12.; *see also Cushman & Wakefield, Inc. v. Illinois Nat'l Ins. Co.,* 2015 U.S. Dist. LEXIS 61178, *23-26 (N.D. Ill. May 11, 2015) (dismissing plaintiff's claim finding that plaintiff was required to allege a breach by the defendant, and because plaintiff's "complaint does not specify which provisions of the ACE Policy were breached . . . Cushman cannot state a plausible claim for breach of contract."); *see also Ronald McDonald House Charities of Chicagoland v. Winning Charities Ill., LLC*, No. 13 C 1430, 2013 U.S. Dist. LEXIS 157339 at

9

\*14-15 (N.D. Ill. Nov. 4, 2013) (dismissing a breach of contract action for failure to identify what section of the contract was breached); *see also* Burke v. 401 N. Wabash Venture, LLC, No. 08 C 5330, 2010 U.S. Dist. LEXIS 57413, at \*6 (N.D. Ill. June 9, 2010) ("The Court fails to see how, *post-Iqbal,* a plaintiff could state a claim for breach of contract without alleging which provision of the contract was breached.") (emphasis in original).

Here, Plaintiff does not allege that Nationwide breached any particular provision of the insurance contract. Instead, she alleges that Carnival cancelled the cruise due to the COVID-19 crisis and refunded her cruise price as well as her premium, and that Aon Affinity closed her claim without payment. (Compl. ¶¶ 18, 24.) As discussed above, Plaintiff actually received a refund for her trip expenses. Her sole objection appears to be that her airline gave her a flight voucher instead of a monetary refund. Yet, Plaintiff fails to identify any policy provision that would entitle her to any further compensation under the policy.[2]

Plaintiff, therefore, has failed to allege the specific contractual provision that Nationwide purportedly breached, or that Nationwide actually breached the policy by closing her claim. Accordingly, Plaintiff's breach of contract claim fails as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that the Court dismiss the Complaint for failure to state a claim upon which relief can be granted.

Dated: July 20, 2020                    Respectfully Submitted,

                                                                s/ *Jonathan M. Cyrluk*
Jonathan M. Cyrluk (ARDC #6210250)
Steven C. Moeller (ARDC #6290263)
Carpenter Lipps & Leland LLP

---

[2] Plaintiff's breach allegations are in stark contrast to Plaintiff's proposed class definition, where she effectively acknowledges that an actual denial of a claim is necessary to state a claim, as she defines the class to include individuals whose claims were "denied," not whose insurance premiums were refunded and whose claims were closed. (Compl. ¶ 29.)

180 N. LaSalle Street, Suite 2105
Chicago, IL 60601
Direct: (312) 777-4820
Fax: (312) 777-4839
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

Michael H. Carpenter (*pro hac vice* forthcoming*)*
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com

Aneca E. Lasley (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)
Aneca.Lasley@squirepb.com

Petrina A. McDaniel (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree St NE, Suite 1700
Atlanta, Georgia 30309
Phone: 678-272-3207
Petrina.McDaniel@squirepb.com

*Attorneys for Defendant Nationwide Mutual Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2020, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to:

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Dulijaza (Julie) Clark
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
Fax: (312) 419-0379
courtecl@cdcombs.com

Patrick Wartan
TAFT, STETTINIUS & HOLLISTER, LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
Fax: (312) 966-8589
pwartan@taftlaw.com
(e-mailed directly)

William C. Wagner
TAFT, STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
(317) 713-3500
Fax: (317) 715-4537
wwagner@taftlaw.com
(e-mailed directly)

*Attorneys for Plaintiff Christine V. Dowding*

                                               *s/ Jonathan M. Cyrluk*
                                               Jonathan M. Cyrluk

*Attorney for Defendant Nationwide Mutual Insurance Company*