**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTINE V. DOWDING, on behalf of Plaintiff and a Class, | Case No. 20-CV-4118 |
| Plaintiff, | Hon. Virginia M. Kendall |
| v. | |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

**DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ACTION ALLEGATIONS**

**I.   INTRODUCTION**

Plaintiff Christine V. Dowding ("Plaintiff") alleges that Nationwide Mutual Insurance Company ("Nationwide") *closed* her claim under a travel insurance policy without consideration of its merits. But even Plaintiff admits she actually received a refund of ***all*** her trip expenses after Carnival Cruise Line ("Carnival") cancelled her cruise, including her travel policy premium. While Plaintiff says her airline gave her flight vouchers instead of a monetary refund, she fails to identify any provision of her travel insurance policy that would entitle her to coverage as a result. Indeed, she fails to identify any legal basis whatsoever for any liability of Nationwide.[1]

The Court should strike Plaintiff's Motion to Certify and her class allegations from the Complaint because the proposed class is facially deficient and cannot be certified as a matter of

---

[1] Nationwide contemporaneously files, and hereby incorporates, Nationwide's Motion to Dismiss and Memorandum in Support. [ECF Nos. 11-12].

1

law.[2] Allowing the class definition to survive the pleadings stage would lead to unnecessary and protracted discovery, and burden the Court and parties alike.

First, Plaintiff's proposed class of individuals whose "claims were denied without consideration of their merits" is an improper failsafe class. (Compl. ¶ 29.) This definition tracks the elements required to prove all three causes of action alleged in the Complaint—breach of insurance contract, improper claims practice, and the Illinois Consumer Fraud Act—which makes it impossible for the parties or the Court to determine who is a member of the class without first assessing the merits of each potential class member's claim. Class membership therefore would require the Court to adjudicate impermissibly whether class members have meritorious claims to determine whether they are in the class in the first place. For this reason, Plaintiff's claims are neither typical nor common to the proposed class of "persons . . . who made claims . . . which were denied." After all, even Plaintiff recognizes her unique circumstances and refers to her claim as being "closed," not "denied." (*Id.* ¶ 18.) She, therefore, cannot be an adequate representative.

Second, the class definition is overbroad as it includes individuals who suffered no injury or damages attributable to Nationwide. Specifically, the class definition includes individuals: (1) whose underlying claims would render them ineligible for recovery because they did not submit valid claims for covered losses, (2) who did not incur out-of-pocket costs (such as airfare), (3) whose costs and expenses claimed against their travel policies were reimbursed by other parties, and (4) who did not cancel their trip for a reason covered by the applicable travel insurance policy, the terms of which could vary from Plaintiff's policy. These individuals would have no valid claim or recoverable loss, but would all be included in Plaintiff's proposed class definition.

---

[2] Nationwide was served on June 15, 2020 with Plaintiff's Complaint and Motion for Class Certification ("Motion to Certify"), and timely removed this case to the Northern District of Illinois on July 13, 2020 under the Class Action Fairness Act. [ECF No. 1].

Last, individualized issues will predominate over common facts and issues in the case. As discussed below, the evidence necessary to prove (and defend against) any class member's case will require merits-based inquiries into individualized harm. Nationwide's defenses, policy terms, and all facts concerning its assessment of the "merits" of a claim will be different for each class member. *See, e.g.*, Compl. ¶ 29 (class definition turning on whether "claims were denied without consideration of their merits"). Thus, even if the class definition was not failsafe in nature, the mere fact that membership turns on the outcome of a merits determination—as opposed to specific and objective factual criteria—is sufficient to assure that certification be denied.

Each of these reasons is an independent basis to strike Plaintiff's class action allegations at the pleadings stage. Together, they yield the inescapable conclusion that Plaintiff's proposed class is facially deficient and cannot be certified as a matter of law. The Court, therefore, should strike Plaintiff's Motion to Certify and her class allegations now, as the deficiencies in Plaintiff's putative class are inherent in the class definition itself and cannot be cured by discovery.

## II.     PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint against Nationwide asserts claims under three causes of action: (1) breach of insurance contract, (2) improper claims practice, and (3) the Illinois Consumer Fraud Act. Plaintiff alleges that she purchased travel insurance underwritten by Nationwide for a cruise scheduled for departure on March 30, 2020. (Compl. ¶¶ 5, 8, 10). Plaintiff further asserts that she became ill with bronchitis before the cruise, causing her to submit a claim under the travel insurance policy for (a) the cost of the cruise, and (b) the cost of airfare, which Plaintiff contends she purchased for $1,321.00. (*Id.* ¶¶ 13, 15).

Plaintiff alleges that Carnival cancelled the cruise due to COVID-19. (*Id.* ¶ 17.) Plaintiff contends that Carnival refunded the price of the cruise and the insurance premium. (*Id.* ¶¶ 19, 24.)

In addition, Plaintiff alleges that Frontier Airlines, her airline operator, provided airline credits to be used within 90 days. (*Id.* ¶ 25.) Plaintiff does not allege any other trip expenses. She also fails to identify any policy provision entitling her to reimbursement beyond what she already received.

According to Plaintiff, on April 6, 2020, Nationwide, through its agent Aon Affinity, "closed" Plaintiff's claim for travel insurance coverage. (*Id.* ¶ 18.) Plaintiff alleges that Nationwide and its agents made no effort to evaluate Plaintiff's claim, and that no grounds exist for Nationwide failing to honor the travel insurance policy. (*Id.* ¶¶ 20-21.)

Plaintiff seeks to represent one putative class consisting of: "(a) all persons with Illinois addresses (b) who made claims with Nationwide on policies of travel insurance, (c) which claims were denied without consideration of their merits (d) on or after March 1, 2020." (Compl. ¶ 29.) Nationwide now moves to strike Plaintiff's Motion to Certify and the class allegations in the Complaint, as the purported class is inappropriately defined and can never be certified as written.

## III. ARGUMENT

### A. <u>Legal Standard.</u>

Federal Rules 12, 23(c)(1)(A), and 23(d)(1)(D) expressly provide for this instant type of motion. As these Rules make clear, courts can and should dismiss or strike facially deficient class action allegations at the pleadings stage. *See, e.g., Zurbriggen v. Twin Hill Acquisition Co.,* 338 F. Supp. 3d 875, 903 (N.D. Ill. 2018) ("Rule 23(c)(1)(A) calls on courts to determine '[a]t an early practicable time' whether certification is appropriate."); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) ("sometimes the complaint will make it clear that class certification is inappropriate . . . . This is a case where the issues are plain enough from the pleadings to allow the court to conclude that no class can be certified.") (citation and internal

4

quotation omitted). To survive this type of motion to dismiss or strike, a plaintiff must plead facts sufficient to demonstrate that all the prerequisites of Fed. R. Civ. P. 23(a) and (b) are met.

Courts routinely strike or dismiss class action allegations where, as here, the complaint fails to plead the minimum facts necessary to satisfy these class action prerequisites. *See, e.g.*, *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 292 (N.D. Ill. 2014) (court may strike facially defective class allegations); *Wright v. Family Dollar, Inc.*, No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained."); *MSPA Claims 1, LLC v. Allstate Ins. Co.*, No. 17-cv-01340, 2019 U.S. Dist. LEXIS 155248, at *18 (N.D. Ill. Sep. 11, 2019).

Indeed, courts have recognized the dangers of allowing a facially uncertifiable class to proceed to discovery. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2006) (emphasizing the expense and burden of discovery in class actions and stressing that neither "careful case management," nor "careful scrutiny of [the] evidence at the summary judgment stage," will protect defendants from incurring enormous discovery costs).

**B.    Plaintiff's Class Allegations Must Be Stricken Because They Fail to Meet the Requirements of Rule 23.**

**1.    Plaintiff's Class Definition is Failsafe.**

Plaintiff's class action allegations initially fail as a matter of law because she has pled an improper failsafe class. Although the Seventh Circuit does not impose an "administrative feasib[ility]" requirement on Rule 23 classes, a class must nevertheless be defined clearly and based on objective, non-speculative criteria to be certified. *Mullins v. Direct Dig., L.L.C.*, 795 F.3d 654, 658-59 (7th Cir. 2015); *see also Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989) (finding plaintiff's class to be "too imprecise and speculative to be certified.")

5

"[C]lasses that are defined in terms of success on the merits—so-called 'fail-safe classes'— also are not properly defined." Mullins, 795 F.3d at 660. "Such a class definition is improper because a class member either wins or, by virtue of losing, is defined out of the class and is therefore not bound by the judgment." Messner v. Northshore Univ. HealthSystem, 669 F.3d 802, 825 (7th Cir. 2012); *see also* Mullins, 795 F.3d at 660 ("This raises an obvious fairness problem for the defendant: the defendant is forced to defend against the class, but if a plaintiff loses, she drops out and can subject the defendant to another round of litigation. . . .").

Here, the Court should strike Plaintiff's class definition because it constitutes a failsafe class. To determine class membership, the Court would need to resolve the key factual and legal merits-based issues as to whether Nationwide "denied [each claim] without consideration of their merits." (Compl. ¶ 29.) If the Court determines Plaintiff's legal theory to be correct, any putative class member would prevail on her claim based on the class definition. Alternatively, if the Court determines that Nationwide properly denied the claim, then putative class members, by virtue of losing, would not be members of the class, and therefore not bound by the judgment. Because class membership is determinative of liability, Plaintiff's class definition creates an improper failsafe class. *Sadowski v. Med1 Online, LLC*, No. 07 C 2973, 2008 U.S. Dist. LEXIS 12372, at *8 (N.D. Ill. Feb. 20, 2008) (certification improper where a "requirement of this class virtually mirrors the statutory language of the [law] and would require the court to investigate -- and . . . evidence regarding -- the relationship between each potential class member and the Defendants.")

### a. *Plaintiff's Class Definition Tracks the Elements of Her Claims.*

Plaintiff defines her class as individuals whose claims were "denied without consideration of their merits." (Compl. ¶ 29.) The class definition thus improperly incorporates elements of the claims in the Complaint, *i.e.*, breach of insurance contract, improper claims practices, and the Illinois Consumer Fraud Act causes of action. As to the breach of insurance contract, Plaintiff

6

alleges that, "Nationwide has arbitrarily and *without justification refused to consider claims* filed by Plaintiff and class members." *(Id.* ¶ 38) (emphasis added). As to the improper claims practices cause, Plaintiff alleges that, "Nationwide immediately denied the claims of Plaintiff and class members *without conducting a 'reasonable investigation* based on all available information' as required under Illinois law." *(Id.* ¶ 43) (emphasis added). Lastly, Plaintiff alleges that Nationwide violated the Illinois Consumer Fraud Act, in part, by "arbitrarily and *without basis refusing to process claims.*" *(Id.* ¶ 48(c).) (emphasis added).

A plain reading of the Complaint demonstrates the class allegations simply mirror the elements of the stated causes of action, rendering the definition failsafe on its face. *Alpha Tech Pet, Inc. v. Lagasse*, LLC, 205 F. Supp. 3d 970, 976-77 (N.D. Ill. 2016) ("it can be tempting for a plaintiff to define its class in terms of the statutory elements that establish liability. . . . But this focus on the terms of liability frequently results in class definitions that are fail-safe."); *Wigod v. PNC Bank, N.A.*, 338 F. Supp. 3d 758, 774 (N.D. Ill. 2018) ("the fail-safe concern arises only when the class is defined with explicit reference to the central legal issue in the case."). Based on the face of the Complaint, the class definition attaches an impermissible conclusion on the merits regarding Nationwide's alleged wrongful conduct by tracking the elements of the pleaded claims and should be rejected as failsafe.

### b.   *Plaintiff's Class Definition is Not Objectively Defined.*

Seventh Circuit authority is clear that a class must be clearly and objectively defined to be certifiable. *Vill. of Bedford Park v. Expedia, Inc. (WA)*, 309 F.R.D. 442, 454 (N.D. Ill. 2015) ("The Seventh Circuit has 'long recognized an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria . . . ."). "In addressing this requirement, courts have sometimes used the term 'ascertainability,' and '[c]lass definitions have

failed this requirement when they were too vague or subjective, or when class membership was defined in terms of success on the merits (so-called 'fail-safe' classes)." *Id.* (internal citations omitted); *Cox v. Sherman Capital LLC*, No. 112CV01654TWPMJD, 2016 WL 274877, at *6 (S.D. Ind. Jan. 22, 2016) (not only were plaintiff's proposed subclasses improper failsafe classes, they posed ascertainability and manageability problems given individualized issues that would have to be resolved to determine class membership).

Applying these principles, Plaintiff's class definition fails for lack of ascertainability. To determine who is a class member, the Court must undertake an individualized inquiry for every class member regarding whether Nationwide "denied [each claim] without consideration of [each claim's] merits"—a vague and subjective determination that renders the class as defined unascertainable. In other words, what does the phrase "without consideration of their merits" mean in determining class membership? The answer will turn on a merits decision that will vary from class member to class member because the phrase "without consideration of the merits" is inherently vague, thus defeating the implied ascertainability requirement under Rule 23.

In short, Plaintiff's element-based class definition, the associated merits inquiry, and the required mini-trials dictated by the proposed class definition are telltale signs of an impermissible failsafe class. The Court should therefore strike Plaintiff's Motion to Certify and class allegations from the Complaint.

**2. Plaintiff's Class Definition Must be Stricken Because Plaintiff is Not Typical or Common of the Class, and is Therefore Inadequate.**

Simply put, Plaintiff is not a member of the class she seeks to represent. "Although '[t]he typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members,' the requirement 'primarily directs the district court to focus on whether the named representatives' claims have the same essential

8

characteristics as the claims of the class at large." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009). Further, "[i]n order to be an adequate representative, the named plaintiff must 'be part of the class and possess the same interest and suffer the same injury as the class members." *Conrad v. Boiron, Inc.*, 869 F.3d 536, 539 (7th Cir. 2017).

Plaintiff seeks to represent a class of persons who submitted claims under "travel insurance [policies]," whose claims Nationwide denied. (Compl. ¶ 29.) However, Plaintiff admits in the Complaint that her claim was *not* denied; it was "closed" under her unique circumstances. (*Id.* ¶ 18.) This makes Plaintiff's claims dissimilar to those of the putative class. It follows that any evidence that Plaintiff puts forth would be intended to attack Nationwide's (or Nationwide's agent's) *closing* of her claim under the unusual facts she alleges surrounding her trip being cancelled and her monies being refunded. But the putative class members would be required to put forth evidence attacking Nationwide's *denial* of their claims. Therefore, Plaintiff seeks to represent a class with divergent interests to her own—a class of persons with denied claims. Stated differently, Plaintiff's claim does not arise from the same course of conduct as the putative class members, nor is it based on the same legal theory as the claims of the class as a whole. *See Lee v. Children's Place Retail Stores, Inc.*, No. 14 C 3258, 2014 U.S. Dist. LEXIS 145787, at *10-11 (N.D. Ill. October 8, 2014) ("Plaintiff cannot establish typicality, because not all putative class members would have to litigate this [same] issue."); *Baker v. Runyon*, No. 96 C 2619, 1997 U.S. Dist. LEXIS 6107, at *11 (N.D. Ill. May 1, 1997) (internal citation omitted) ("If '. . . conflicting claims' exist among class members, then the class is not fairly and adequately represented.").

Moreover, the Complaint highlights the circumstances unique to Plaintiff, further demonstrating her atypicality: she became sick before her cruise (and therefore sought to cancel her reservation); prior to her claim determination, Carnival canceled the cruise and fully

9

reimbursed Plaintiff for the cost of the cruise and her insurance premium; and Frontier Airlines reimbursed her for the cost of her airline tickets by issuing a voucher that expired after 90 days. Based on Plaintiff's class definition, the class would necessarily include individuals who do not share the same essential characteristics as Plaintiff, including for example, individuals who did not seek to cancel their reservations (and therefore did not submit documentation substantiating the cancellation), individuals who did not purchase airfare (and thus, no additional loss would be coverable if their travel supplier reimbursed them for the cost of the trip and premium), and individuals who may have purchased airfare but such airfare either was not covered under the terms of their policies or was refunded in cash. These variations underscore Plaintiff's unique circumstances, and how each experience will vary among putative class members.

Not only is Plaintiff not a member of the class she seeks to represent, Nationwide would put forth defenses unique to Plaintiff, which would become the focus of this litigation. "Where it is predictable that a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." *Koos v. First Nat'l Bank*, 496 F.2d 1162, 1164 (7th Cir. 1974). Nationwide's defenses to Plaintiff's allegations are inherently different from defenses relevant to the class because defenses to an alleged improper claim denial are dissimilar to an alleged improper closing of a claim. In other words, Plaintiff cannot establish that the allegations "depend upon a common contention" that is "capable of classwide resolution" or that classwide proceedings will generate common answers apt to drive resolution of the litigation. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

For all these reasons, Plaintiff's claims are not typical or common of the claims or defenses of the class, nor is the Plaintiff an adequate representative of the purported class. The Court should therefore strike the Motion to Certify and class allegations.

### 3. Plaintiff's Class Definition Must be Stricken Because It is Overbroad.

A class definition is overbroad, and not sufficiently definite, where the proposed class includes persons who were not injured or who can show no damages. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006); *see also Kohen v. Pac. Inv. Mgmt. Co. LLC & PIMCO Funds*, 571 F.3d 672, 677 (7th Cir. 2009).

Overbroad class allegations carry the potential for unfair and excessive liability. *Hickey v. Great W. Mortg. Corp.*, No. 94 C 3638, 1995 U.S. Dist. LEXIS 3357, at *27 (N.D. Ill. Mar. 15, 1995). For that reason, a plaintiff must define a proposed class so that it identifies the persons entitled to relief. *Wright-Gray v. Hamos*, No. 09 C 04414, 2012 U.S. Dist. LEXIS 12743, at *24 (N.D. Ill. Feb. 2, 2012) *citing to Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 370 (N.D. Ill. 2008). Thus, class allegations that lack an allegation of injury are improper because of overbreadth. *Vann v. Dolly, Inc.*, No. 18 C 4455, 2020 U.S. Dist. LEXIS 31678, at *12 (N.D. Ill. Feb. 25, 2020) (rejecting a class definition lacking an alleged harm).

As drafted, Plaintiff's proposed class includes individuals who have suffered no injury and/or have no damages attributable to Nationwide. For example, the proposed class is broad enough to include individuals who did not incur out-of-pocket expenses or other covered losses, and therefore, suffered no injury when Nationwide denied their claims because they were already made whole by Carnival's (or their travel supplier's) reimbursement in full. In addition, the proposed class includes individuals who did not file a claim eligible for benefits under the terms of the policy and, therefore, suffered no injury when Nationwide denied their claim for reimbursement because their losses were not covered losses. Thus, the class would not be limited to those persons who suffered a purported injury because of Nationwide's alleged actions.

11

Plaintiff also proposes a class that includes individuals who made claims with Nationwide on "policies of travel insurance" (Compl. ¶ 29), without regard to the specific travel insurance policy issued. Because Plaintiff does not seek to limit the proposed class to class members with the same travel insurance policy issued to her, Plaintiff's class definition is overbroad.

At bottom, Plaintiff's proposed class does not allege any harm or carefully define who is entitled to relief. Due to the inherent unfairness accompanying overbroad class allegations, the Court should strike Plaintiff's proposed class allegations. *See A Custom Heating & Air Conditioning, Inc. v. Kabbage, Inc.*, No. 16 C 2513, 2018 U.S. Dist. LEXIS 8975, at *11 (N.D. Ill. Jan. 18, 2018) ("The class definition is … overbroad, encompassing members who do not share a viable claim with the representative.").

### 4. Plaintiff's Class Definition Must be Stricken Because Individualized Issues Predominate.

Federal Rule 23 requires a district court to find that questions of law or fact common to class members predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3). "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a prima facie showing, then it becomes a common question." *Messner*, 669 F.3d at 815. Where, as here, individualized issues necessarily predominate over common ones, a case cannot proceed as a class action under Rule 23(b)(3).

Plaintiff's proposed class presents a slew of legal and factual questions that are unique to each class member and will predominate over common issues. At baseline, the Court must determine, *inter alia*, the merits of each individual denial. This inquiry contains sub-issues that will differ across all class members, including:

(1) Which travel insurance policy did the purported class member purchase, and thus, which contractual provisions govern?

(2) Did each class member submit a claim for covered losses under his/her policy?

(3) Did each class member comply with the administrative claims process to submit a claim for reimbursement?

(4) Did each class member submit required documentation in support of his/her claim?

(5) By what process did Nationwide deny coverage, including the procedural and investigatory mechanisms?

(6) Did each denial amount to "deception" under the Illinois Consumer Fraud Act (815 ILCS 502/2)?

Significantly, numerous courts have found class action treatment inappropriate on the ground that issues related to the reasonableness, such as the "merits" of a claim are inherently individualized. For example, in *Hylaszek v. Aetna Life Ins. Co.*, No. 94 C 5961, 1998 WL 381064, at *4 (N.D. Ill. July 1, 1998), the court struck the class action allegations in part based on the burden of evaluating the merits of Aetna's denial of each individual claim: "Because the Hylaszeks allege that Aetna denied sclerotherapy to the purported class on the grounds of medical necessity, the court would have to assess each individual's medical condition and determine whether sclerotherapy for that person was medically necessary. Such a review would require the court to conduct a series of mini-trials to examine numerous factual issues . . . ." *Id.*; *see also Halvorson v. Auto-Owners Ins. Co.*, 718 F.3d 773, 779 (8th Cir. 2013) ("the individual questions necessary to determine breach of contract and bad faith include whether a provider's charge was usual and customary and, thus, whether the claim payment was reasonable. These individual inquiries regarding what is 'usual and customary' for each class member will predominate over whether Auto–Owners's process was reasonable and 'overwhelm questions common to the class.'").

By extension, "deception" and "reasonableness" may not be inferred on a classwide basis. *See Oshana v. Coca-Cola Co.*, 225 F.R.D. 575, 582 (N.D. Ill. 2005) ("To prove these claims, [plaintiff] must establish a causal connection between the alleged misconduct and damages, namely that deceptive marketing induced each class member to purchase fountain diet Coke. This

13

is impossible to prove on a classwide basis."); *Advanced Acupuncture Clinic, Inc. v. Allstate Ins. Co.*, No. CIV.A.07-4925 (JAP), 2008 WL 4056244, at *13 (D.N.J. Aug. 26, 2008), *aff'd on other grounds sub nom. St. Louis Park Chiropractic, P.A. v. Fed. Ins. Co.*, 342 F. App'x 809 (3d Cir. 2009) (finding class could never be certified, as a matter of law, because determining whether the amount the insurer paid was reasonable is a predominating individualized issue); *Liberty Mut. Ins. Co. v. Tribco Constr. Co.*, 185 F.R.D. 533, 540 (N.D. Ill. 1999) ("Having concluded that there likely will be litigation over the reasonableness of at least some of the individual claims, this court finds that individual issues necessarily will predominate . . . .") In addition to each individualized issue above, the Court would also have to address various affirmative defenses that Nationwide could raise for each class member.[3]

It therefore follows that purported class members would be required to present evidence specific to them to prove the basis of their claims, including but not limited to: the specific travel insurance policy they purchased, the timing of the claim submission, the timing and substance of their proof of loss, whether the cause of cancellation was covered under the purchased policy, and all details surrounding Nationwide's processing and assessment of their individual claim. Nationwide would then present individualized evidence to assert defenses for each class member. As in the above cases, these issues cannot be resolved on a classwide basis.

Based on at least the foregoing, individualized issues predominate over questions of law or fact common to class members, and the Court should strike Plaintiff's Motion to Certify and class action allegations because they cannot possibly satisfy Rule23(b)(3)'s predominance requirement

---

[3] These affirmative defenses may include payment of the insurance premium, accord and satisfaction, election of remedies, and waiver. Each affirmative defense would defeat the claims in the Complaint, thus raising predominating individualized issues. *Jamison v. First Credit Servs.*, No. 12 C 4415, 2013 U.S. Dist. LEXIS 105352, at *23 (N.D. Ill. July 29, 2013) (finding, "Individualized issues necessary to decide an affirmative defense may predominate so as to prevent class certification."); *Johnson v. Yahoo! Inc.*, No. 14 CV 2028, 2018 U.S. Dist. LEXIS 23564, at *6 (N.D. Ill. Feb. 13, 2018) (same).

14

as a matter of law. See *Cowen v. Lenny & Larry's, Inc.*, No. 17 CV 1530, 2017 U.S. Dist. LEXIS 169929, at *13 (N.D. Ill. October 12, 2017) (striking plaintiff's class allegations where it is "apparent at this stage that individual questions will predominate over common ones.").

### 5. Class Action Treatment Under Rule 23(b)(2) is Also Legally Untenable.

Courts preclude class action treatment under Rule 23(b)(2) where, as here, the primary relief sought is money damages. *See, e.g., Lemon v. International Union of Operating Engineers*, 216 F.3d 577, 581 (7th Cir. 2000) (vacating certification of a class under Rule 23(b)(2) where requested monetary damages were not incidental to the requested equitable relief).

There is no question that the core relief Plaintiff seeks is money damages. The Complaint refers only in passing to injunctive relief, and all the causes of action Plaintiff asserts seek money damages. (Compl. ¶¶ 41, 46, 50.) Moreover, the same types of individualized issues discussed above that preclude class action treatment under Rule 23(b)(3) also defeat class action treatment under Rule 23(b)(2). *See, e.g., Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 499 (7th Cir. 2012) ("That the plaintiffs have superficially structured their case around a claim for classwide injunctive and declaratory relief does not satisfy Rule 23(b)(2) if as a substantive matter the relief sought would merely initiate a process through which highly individualized determinations of liability and remedy are made; this kind of relief would be classwide in name only[.]").

## IV. CONCLUSION

For the foregoing reasons, Nationwide respectfully requests that the Court strike Plaintiff's Motion to Certify and the class allegations from the Complaint.

Dated: July 20, 2020                      Respectfully Submitted,

                                                     s/ *Jonathan M. Cyrluk*
                                                     Jonathan M. Cyrluk (ARDC #6210250)
                                                     Steven C. Moeller (ARDC #6290263)
                                                     Carpenter Lipps & Leland LLP

180 N. LaSalle Street, Suite 2105
Chicago, IL 60601
Direct: (312) 777-4820
Fax: (312) 777-4839
cyrluk@carpenterlipps.com
moeller@carpenterlipps.com

Michael H. Carpenter (*pro hac vice* forthcoming*)*
Carpenter Lipps & Leland LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4100
Fax: (614) 365-9145
carpenter@carpenterlipps.com

Aneca E. Lasley (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, OH 43215
(614) 365-2700 (Phone)
(614) 365-2499 (Fax)
Aneca.Lasley@squirepb.com

Petrina A. McDaniel (*pro hac vice* forthcoming)
SQUIRE PATTON BOGGS (US) LLP
1230 Peachtree St NE, Suite 1700
Atlanta, Georgia 30309
Phone: 678-272-3207
Petrina.McDaniel@squirepb.com

*Attorneys for Defendant Nationwide Mutual Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of July, 2020, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to:

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin
Dulijaza (Julie) Clark
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603
(312) 739-4200
Fax: (312) 419-0379
courtecl@cdcombs.com

Patrick Wartan
TAFT, STETTINIUS & HOLLISTER, LLP
111 E. Wacker Drive, Suite 2800
Chicago, IL 60601
(312) 527-4000
Fax: (312) 966-8589
pwartan@taftlaw.com
(e-mailed directly)

William C. Wagner
TAFT, STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
(317) 713-3500
Fax: (317) 715-4537
wwagner@taftlaw.com
(e-mailed directly)

*Attorneys for Plaintiff Christine V. Dowding*

                                        *s/ Jonathan M. Cyrluk*
                                        Jonathan M. Cyrluk

*Attorney for Defendant Nationwide Mutual Insurance Company*

Case: 1:20-cv-04118 Document #: 14 Filed: 07/20/20 Page 18 of 18 PageID #:224

*Attorney for Defendant Nationwide Mutual Insurance Company*